**Thomas FARRUGIA, Plaintiff,**

v.

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, et al. Defendant.**

**No. CIV.A. 04–0294(PLF).**

United States District Court, District of Columbia.

March 31, 2005.

Thomas Farrugia, Beaumont, TX, pro se.

Fred Elmore Haynes, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on plaintiff's motion for partial summary judgment on the sole issue of exhaustion of administrative remedies. Defendants filed an opposition to plaintiff's motion in which they acknowledge that, at the time plaintiff filed suit, he had exhausted his administrative remedies and that the filing of the complaint therefore was proper. *See* Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and in Response to Plaintiff's Motion for Partial Summary Judgment at 29. Defendants maintain, however, that since the filing of the suit, in a letter dated May 10, 2004, the Executive Office for United States Attorneys notified plaintiff that certain material has already been retrieved and is available to him if he pays a

$25 search fee. *Id.* Defendants argue that plaintiff therefore has failed to exhaust his administrative remedies. *Id.*[1]

Plaintiff cites 5 U.S.C. § 552(a)(4)(A) and maintains that because less than one hundred pages are at issue and because he has never before refused to pay fees, the agency may not require advance payment. *See* Plaintiff's Supplement to his Opposition to Defendants' Motion for Summary Judgment at 2. Here, however, the agency has already processed plaintiff's FOIA request and has informed him that certain records are available upon payment of a fee. Where an agency already has processed a request, it is clear "that the agency may require payment before sending the requested records." *Trueblood v. United States Department of the Treasury,* 943 F.Supp. 64, 68 (D.D.C. 1996). *See* 28 C.F.R. § 16.11(i) ("Payment owed for work already completed (i.e., a prepayment before copies are sent to a requester) is not an advance payment."). Furthermore, "[r]egardless of whether the plaintiff filed suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. United States Department of the Treasury,* 943 F.Supp. at 68 (citing *Pollack v. Department of Justice,* 49 F.3d 115, 120 (4th Cir.1995)); *see also Maydak v. United States Department of Justice,* 254 F.Supp.2d 23, 50 (D.D.C. 2003) ("Although the IRS's fee assessment came after the filing of this lawsuit, plaintiff is obligated nonetheless to pay the fee or to seek from the agency either a fee waiver or a fee reduction.").

Plaintiff's motion for partial summary judgment on the sole issue of exhaustion therefore must be denied. The Court will not address defendants' motion for summary judgment at this time because defendants have not yet had the opportunity to file their reply. Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment on the sole question of exhaustion [4] is DENIED.

SO ORDERED.

---

1. The Court notes that the May 10, 2004 letter requesting the $25 fee was sent not only after plaintiff filed suit, but also after plaintiff filed his motion for partial summary judgment.